Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Linda Louise Fermin, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Grocery Outlet Inc., | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Linda Louise Fermin ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Grocery Outlet Inc. ("Grocery Outlet") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Grocery Outlet Store located at 50 Jean Street in Valley Springs, California ("Valley Springs Store").

## PARTIES

1.  Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2.  Grocery Outlet is a California Corporation with its principal address in Emeryville, California. At all times relevant to this complaint, Grocery Outlet owned,

managed, operated, and/or was otherwise responsible for Valley Springs Store.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Valley Springs Store is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from both physical and mental impairments that substantially limits one or more major life activity. Plaintiff has a record of having such impairments.

8. Specifically, Plaintiff suffers from major depressive disorder, post-traumatic stress disorder (PTSD), and an orthopedic condition that limits her mobility.

9. Plaintiff receives Social Security disability benefits and also utilizes a disabled person parking placard issued by the California Department of Motor Vehicles.

10. Plaintiff utilizes a trained service dog.

11. Plaintiff's service dog has received professional training in addition to self-training.

12. Plaintiff's service dog is specifically trained to help Plaintiff with her mobility, summon help if Plaintiff falls and is unable to get up on her own, recognize the signs of her PTSD, and ground Plaintiff during a rehabilitating PTSD episode.

13. On five separate occasions in 2023, Plaintiff personally visited the Valley Springs Store. During each occasion, Plaintiff was there with her service dog. During

each occasion, Plaintiff's service dog was clearly identified as such by a service animal vest.

14. On each of the five times that Plaintiff visited the Grocery Outlet in 2023, Defendant's employees stalked, harassed, and discriminated against Plaintiff solely because of the presence of Plaintiff's trained service animal.

15. Defendant's employees would demand confidential medical information from Plaintiff and follow Plaintiff around the store as she shopped, stalking her throughout the store. Defendant's employees did not treat non-disabled customers in a similar manner.

16. On the final occasion, one of Defendant's employees approached Plaintiff from behind and aggressively grabbed her cart. The employee's conduct was startling to say the least.

17. Worse yet, the employee accused Plaintiff of brining a fake service animal to the grocery store.

18. The employee's tone of voice was upsetting and so loud that other customers in the store could hear what was going on.

19. At this time, the employee demanded that Plaintiff leave the store and followed Plaintiff around the store until she left.

20. At all times, Defendant's employees' conduct made Plaintiff extremely uncomfortable and made it difficult to timely complete her simple shopping tasks.

21. During Plaintiff's times in the store, Defendant's employees did not treat any non-disabled customers in a similar manner.

22. Plaintiff attempted to reach out to Defendant's corporate office to complain about the discrimination she received at the hands of Defendant's employees. However, Defendant never returned Plaintiff's calls.

23. Defendant's discrimination is especially concerning because there are only two grocery stores near where Plaintiff lives, and Defendant's grocery offerings are less expensive than the only other reasonable option. Sadly, defendant's discrimination has

forced Plaintiff to shop at a less desirable grocery store.

24. Defendant has suffered inconvenience, distress, discomfort, and embarrassment because of the conduct of Defendant's employees.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

27. The Valley Springs Store is a public accommodation.

28. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

29. Grocery Outlet has a policy that restricts and denies access to persons like Plaintiff.

30. Grocery Outlet's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

31. In addition or alternatively, Defendant's employee's conduct constituted harassment while such employees were acting within the course and scope of the employees' employment.

32. As a result of Grocery Outlet's conduct, denying Plaintiff equal access to the Valley Springs Store, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Valley Springs Store.

33. It is readily achievable for Grocery Outlet to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Valley Springs Store.

34. Grocery Outlet does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

35. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Valley Springs Store, in light of Grocery Outlet's conduct.

36. Grocery Outlet's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

37. Plaintiff seeks injunctive relief as to Grocery Outlet's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

38. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

39. Grocery Outlet intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Valley Springs Store.

40. Valley Springs Store is a business establishment.

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

42. Grocery Outlet's acts and omissions as specified with regard to the

discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

43. Plaintiff was harmed.

44. Grocery Outlet's conduct was a substantial factor in causing Plaintiff's harm.

45. Grocery Outlet's conduct violated the ADA.

46. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

47. Plaintiff also seeks to enjoin Grocery Outlet from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Grocery Outlet from engaging in unlawful discrimination against disabled persons with service animals when visiting the Valley Springs Store, including, specifically, enjoining its policy of denying access to persons with service animals access to the Valley Springs Store without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Grocery Outlet to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate; and prohibiting its employees from stalking and harassing disabled persons with service animals;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code

of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 13, 2024               Law Office of Rick Morin, PC

                                    _____
                                    Richard Morin
                                    Attorney for Plaintiff